■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE CASCELLA, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL PIERELLI, Appellant.— Judgment of conviction affirmed. Concur — Botein, P. J., Breitel, Valente and Bastow, JJ.; Stevens, J., dissents and votes to reverse in the following memorandum: I dissent and vote to reverse the conviction of the defendant Carl Pierelli on the ground that his guilt was not proved beyond a reasonable doubt. I might also comment that in my view the sentence imposed was excessive. The defendant had no prior criminal record, and to impose a sentence of $125 or 25 days and 30 days in my view far exceeds the demands of justice.

■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property, as a Site for Public School 128, and Recreational Purposes, Bounded by Audubon Avenue and Other Streets, in the Borough of Manhattan, City of New York. GRAYCLIFF REALTY CORP. et al., Respondents-Appellants, WADSWORTH 5¢ AND 10¢ STORES INC., et al., Respondents.— Final decree, insofar as appealed from, unanimously modified on the law and the facts by reducing the awards on Damage Parcel No. 1 from $410,000 to $325,000 and on Damage Parcel No. 5 from $96,000 to $83,000. As so modified, the decree is unanimously affirmed, with costs to the City of New York against the claimants-respondents-appellants. Although we are of the opinion that the rental obtained from the roof sign on Damage Parcel No. 1 should have been considered in the estimated gross rental for that parcel, nevertheless the whole record before us does not warrant awards in excess of the amounts to which the awards have been reduced on Damage Parcels Nos. 1 and 5. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ ALBERT GUTWIRTH, Appellant, v. CAREWELL TRADING CORPORATION et al., Respondents.— Judgment unanimously affirmed, with costs to defendants-respondents. We agree with the findings of the trial court to the effect that there was no diversion of funds on the part of defendants, and that plaintiff had full knowledge of and consented to all of the acts of which he now complains. In the circumstances the plaintiff may not recover whether it be in an action at law or in equity for an accounting. The findings of the arbitrators were not binding upon the court because the arbitrators did not pass upon the relationship between the partners and the corporation for the period encompassed by the court's decision. In view of the above we need not pass on any of the other issues raised. Concur — Rabin, J. P., Valente, McNally, Steuer and Bastow, JJ.

■ In the Matter of REGAL WINE & LIQUOR, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ WILLIAM T. KIRSCHER, Appellant, v. LOUISE P. KIRSCHER, Respondent. — Judgment unanimously affirmed, without costs to either party. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

■ In the Matter of BENJAMIN CYMROT, Petitioner, v. J. CLARENCE DAVIES, JR., as Commissioner of the Department of Real Estate of the City of New York, et al., Respondents.— Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.